# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**HASKEL BOYTEK,**
**Claimant Below, Petitioner**

**FILED**
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1730** (BOR Appeal No. 2045908)
(Claim No. 2010101821)

**WEST VIRGINIA DIVISION OF ENVIRONMENTAL PROTECTION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Haskel Boytek, by Wendle Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Environmental Protection, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2011, in which the Board affirmed an April 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 12, 2009, decision denying Mr. Boytek's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Boytek works as a mine inspector for the West Virginia Division of Environmental Protection. He alleges that as a result of his employment he has suffered an injury to his back. On August 12, 2009, the claims administrator denied Mr. Boytek's application for workers' compensation benefits, because there was no information indicating that the back condition resulted from an injury which occurred in the course of and resulting from Mr. Boytek's employment.

In affirming the claims administrator's decision, the Office of Judges held that there was insufficient evidence to show that Mr. Boytek's back condition was caused by either cumulative

1

trauma or an isolated fortuitous event and trauma on May 17, 2009. On appeal, Mr. Boytek argues that he suffered both a new injury and an aggravation of a prior condition that arose out of his employment when he slipped and fell climbing up and down mountainous terrain on June 17, 2009. The West Virginia Division of Environmental Protection maintains that there was no work-related injury, but rather Mr. Boytek was off work for complication of diabetes, and decided to file a workers' compensation claim when a radiological report showed degenerative changes with a herniation.

The Office of Judges held that the evidence does not support Mr. Boytek's allegations that he suffered a cumulative trauma causing the compensable injury, or that there was an isolated fortuitous event and trauma on May 17, 2009, causing the compensable injury. It noted that it is unclear from Mr. Boytek's testimony and report of injury as to whether he alleges a cumulative trauma or an actual date of injury being May 17, 2009. It is also of note that Mr. Boytek argues June 17, 2009, as a date of injury in his petition for appeal yet he testified as the date of injury being on or around May 17, 2009. The Office of Judges noted that diagnostic testing indicates multilevel degenerative changes in his spine, and that no medical evidence shows there has been a cumulative effect of non-injurious falls over the years. Thus, the Office of Judges found that the claims administrator was correct to deny the application for workers' compensation benefits. The Board of Review reached the same reasoned conclusions in its decision of November 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

2